# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNIE LEE BARNES,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>RICK HILL, WARDEN,<br><br>　　　　　　Respondent. | CASE NO. 5:21-cv-01550-SVW (SK)<br><br>**ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY** |

　　Petitioner is a California state prisoner seeking federal habeas relief under 28 U.S.C. § 2254 from his 2010 state conviction and sentence for second degree robbery. (ECF 1). This is Petitioner's second visit to the Court, seeking to challenge the same conviction again under § 2254. (*See Barnes v. People of the State of California*, Case No. 5:17-cv-421-SVW). His first § 2254 petition was dismissed in June 2017 because Petitioner named the wrong respondent and, more critically, because it was untimely. (*Id.*, ECF 10). So, to file this second and successive petition, Petitioner had to obtain authorization from the Ninth Circuit first. *See* 28 U.S.C. § 2244(b)(3)(A). Yet Petitioner presents no evidence—and the Court has found none—that he obtained such preauthorization. Without that, the Court lacks jurisdiction to entertain this impermissibly second and successive petition under § 2254. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

　　Transferring the petition to the Ninth Circuit, *see* Circuit Rule 22-3,

would serve no purpose. As detailed in the June 2017 order dismissing his first § 2254 petition, Petitioner's challenge to his 2010 state conviction and sentence for robbery was, even then, untimely by many years. So it is impossible to see any way that this successive petition—filed another four years later—could somehow cure that already fatal timing defect. Nor is there anything on the face of the current petition to suggest the possibility of any new or different tolling that Petitioner (or the Court) somehow overlooked last time. Petitioner's 2021 state habeas petitions (*see* ECF 1 at 3-4), for example, do not have any statutory tolling effect. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state petition filed after expiration of federal statute of limitations does not restart new one-year limitations period). And, of course, Petitioner's prior petition could not have tolled the statute of limitations at all. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

For all these reasons, the petition under § 2254 (ECF 1) is DISMISSED because "it plainly appears from the face of the petition . . . that [Petitioner] is not entitled to relief." L.R. 72-3.2. Leave to amend is DENIED as futile given the untimeliness of the petition. *See Hooper v. Shinn*, 985 F.3d 594, 622 (9th Cir. 2021). And while nothing in this order technically prevents Petitioner himself from applying to the Ninth Circuit for permission to file a second and successive petition, sua sponte transfer for that purpose in the face of the petition's untimeliness would not be in the "interests of justice." Ninth Circuit Rule 22-3. All pending requests (ECF 1 at 14, 17-18) are thus DENIED as moot, and Judgment will be entered dismissing this action for lack of jurisdiction.

Furthermore, a certificate of appealability is DENIED because Petitioner has not made a substantial showing of the denial of a constitutional right and that jurists of reason would find it debatable

whether the Court is correct in its procedural rulings. See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    IT IS SO ORDERED.

DATED: October 1, 2021

HON. STEPHEN V. WILSON
U.S. DISTRICT JUDGE

PRESENTED BY:

STEVE KIM
U.S. MAGISTRATE JUDGE